MARTIN FAVOR *vs.* BOSTON AND LOWELL RAILROAD CORPO-RATION.

A railroad corporation whose road passes over a highway by a bridge, is not liable to a traveller in the highway for damage caused by the fright of his horse at the noise made by a train of cars passing over the bridge in the customary manner, although the corporation know that, because of special circumstances, accidents of a similar character are peculiarly liable to happen there, and although they give no warning of the approach of the train.

TORT for damage caused to the plaintiff while passing along a highway under a railroad bridge, by his horse taking fright at the noise made by cars upon the bridge.

At the trial in the Superior Court, before *Allen*, J., the plaintiff's counsel, in opening the case to the jury, stated that he should rely upon proof that the defendants' track crossed, by a bridge, over a public way called Gorham Street, in the city of Lowell; that this street was a much travelled and frequented thoroughfare; that all the travel passed under the bridge and track; that travellers approaching the bridge could not see the track or the coming trains, because of the buildings which line the street, and because of bends in the track, and for other reasons; that it was a place of extreme peril and danger to the travelling public; that for many years frequent accidents had happened, from the frightening of horses upon the street, as they passed under the bridge, by the sudden passing of cars over the bridge; that all these facts were known to the defendants; that their custom was to give no warning of approaching trains, many of which pass daily; that competent men would testify to the extreme peril of the place, and that further precautions and warnings were required of the defendants by due and reasonable care on their part; that upon this particular occasion, the plaintiff was driving under the bridge in the public way and exercising due care, and the defendants, without giving any warning whatever of the train, ran the cars upon and over the bridge, thereby frightening the plaintiff's horse, upsetting his wagon, and producing the injury; that reasonable and due care and warning on the part of the defendants would, in all reasonable probability, have

prevented the accident; and that the plaintiff, although he made due inquiries and exercised due and reasonable precaution and care before driving under the bridge, did not know of the approach of the defendants' train until it was upon the bridge, and until it was too late to prevent the accident.

The defendants objected that these facts, if proved, would not be competent and would not sustain the action; and the court, before verdict, by consent of parties, reported the question of law thus arising in the case to this court. If proof of the facts stated was competent and was sufficient to sustain the action, a trial was to be had, otherwise judgment was to be entered for the defendants.

*G. Stevens & W. H. Anderson*, for the plaintiff.

*D. S. Richardson & J. F. McEvoy*, for the defendants.

ENDICOTT, J. Much of the evidence offered by the plaintiff was clearly incompetent, but the real question reported for decision arises upon the following facts: The plaintiff, while travelling with his horse and wagon on Gorham Street in Lowell, passed under the bridge of the defendants' railroad, which crosses Gorham Street, and while so doing, and in the exercise of due care, a train of the defendants passed over the bridge, and the plaintiff's horse, frightened by the noise, became unmanageable, upset the wagon, and the plaintiff was injured. No signal or warning was given of the approach of the train to the bridge. It does not appear that the defendants were guilty of any special negligence, unless the failure to give a signal was negligence, but ran their train in the usual manner, making no more noise than generally attends the running of a railroad train. The only question, therefore, is, whether it was the duty of the defendants to give notice or warning to travellers on the highway of the approach of the train to the bridge.

Where a railroad crosses a highway at grade, the law imposes upon it the duty of giving notice to travellers of the approach of its trains. The statutes also prescribe certain signals to be given by the railroad at all crossings at grade. Gen. Sts. *c.* 63, § 84. St. 1862, *c.* 81. Mere compliance with the statute provisions is not sufficient, but the railroad is bound to use all such reasonable

care, in addition to the statute requirements, as the circumstances of each case may seem to demand. *Linfield* v. *Old Colony Railroad Co.* 10 Cush. 562, 569. This rule applies because at grade crossings the traveller on the highway and the railroad enjoy a common privilege on the highway itself ; and each must use such privilege with due regard to the safety and rights of the other. *Shaw* v. *Boston & Worcester Railroad Co.* 8 Gray, 45, 66. And as a train of cars is a dangerous power when in motion, and capable of doing great injury, a high degree of care is demanded of the railroad in controlling it, and some notice of its approach to the highway is required both by the rules of the common law and by statute.

But where a railroad crosses a highway by a bridge, it does not in common with the traveller have any privilege in or use of the highway itself. Though the track and the highway are near and adjacent to each other, they are entirely distinct and separate. The railroad has no rights in the highway, and consequently the same duties are not imposed upon it that are imposed when it passes over the highway itself in common with the traveller. It has the right to use its roadbed and bridge, as a railroad may use them, by running its trains at the common rate of speed, accompanied by the usual noise attendant upon such exercise of its rights. It is not bound by law to notify the traveller of its intention to use its bridge in the ordinary and usual manner. And no statute requires it to do so. However objectionable the customary noise of a railroad train may be to a traveller on the highway, or to persons living near the track, no question of care or legal responsibility is involved in the relation of the parties, and the railroad company, in doing that which it is authorized by law to do, is not guilty of a nuisance. It has the right to do lawful acts upon its own premises, and is not responsible for injurious consequences that may arise from such acts, unless the acts are negligently and improperly done. If the defendants in this case had done some negligent act in the immediate vicinity of the highway, calculated to endanger the safety of travellers passing over it with horses, a very different question would have been presented. But no evidence is offered of such act, and the mere omission to give warn

ing of the approach of the train is not such negligence that the plaintiff can maintain his action.

*Judgment for the defendant.*