HENRY W. LAMB *vs.* OLD COLONY RAILROAD COMPANY.

Suffolk. Jan. 14. — Sept. 3, 1885. FIELD, DEVENS, & COLBURN, JJ.,
absent.

If, at the trial of an action, the presiding judge rules that there is no evidence for
the jury, and directs a verdict to be returned for the defendant, to which ruling
the plaintiff alleges exceptions, and the bill of exceptions does not state the
evidence, a full report of which is annexed thereto, and referred to therein, but
is composed almost entirely of statements of what the plaintiff claimed the
evidence tended to prove, and no ruling was asked or given in relation to this,
the question of the sufficiency of the facts claimed to be proved by the plaintiff
will not be considered by this court.

A railroad corporation is not liable for injuries occasioned to a person by reason
of his horse becoming frightened, while being driven along a highway parallel
to and adjoining the railroad, by smoke from the engine of a train passing on
the railroad in a direction opposite to that in which he was going, caused by
adding coal to the fire in the engine, if such act at that place was necessary in
the ordinary running of the train; and it is not the duty of those on the engine
to be on the lookout for travellers on the highway who may be endangered by
such act.

TORT for personal injuries occasioned to the plaintiff by the
alleged negligence of the defendant. Trial in the Superior
Court, before *Mason*, J., who ruled that there was no evidence
for the jury, and directed a verdict for the defendant; and the
plaintiff alleged exceptions. The facts appear in the opinion.

*J. G. Abbott,* (*G. A. Sawyer* with him,) for the plaintiff.

*J. H. Benton, Jr.,* for the defendant.

W. ALLEN, J. As the plaintiff was driving his horse along
a highway parallel to and adjoining the defendant's railroad,
his horse was frightened by the smoke from the engine of a
train passing on the railroad in a direction opposite to that in
which the plaintiff was going, and the plaintiff was injured in
consequence. After the plaintiff's evidence was all in, the court
ruled that there was no evidence for the jury; and the plaintiff
excepted to the ruling. The evidence is not stated in the excep-
tions, but a full report of it is annexed and referred to in them.
It does not appear upon what ground the ruling was placed, or
what questions of law were intended to be presented. It is not a
case where a single question of fact involving a single proposi-
tion of law is presented upon evidence stated in the exceptions;
but all the testimony applicable to distinct questions of fact, and

involving in its application distinct propositions of law, is sent to us to examine and discover upon what question and for what reason it was ruled, or may be now held, that the evidence was insufficient to prove the plaintiff's case. Nearly the whole of the bill of exceptions is taken up with statements of what the plaintiff claimed the evidence tended to prove. No ruling was asked or given in relation to this. As the ruling and exception are to the sufficiency of the evidence, the question of the sufficiency of the facts claimed by the plaintiff to be proved is not before us. The ruling was, that, upon the whole evidence, the plaintiff could not recover. We think that the ruling was right, because the evidence was not sufficient to prove that the defendant was negligent.

The defendant had a right to run its trains on its railroad adjoining the highway, and was not responsible to travellers on the highway for the consequences of noise, vibration, or smoke caused by the prudent running of its trains. *Favor* v. *Boston & Lowell Railroad*, 114 Mass. 350. The smoke which frightened the plaintiff's horse was occasioned by "firing up" · the engine, — that is, mending the fire, or adding coal to it, — the ordinary effect of which is to occasion the emission for a short time of very black, dense smoke from the smoke-stack. The plaintiff contended that there was evidence that it was practicable to run the train for the whole distance where the railroad adjoined the highway without firing up; and that the act of firing up on the stretch of railroad adjoining the highway was unnecessary for the ordinary running of trains, and exposed travellers to an unnecessary danger, and was therefore negligent, or might be found to be so by a jury. Without considering the proposition of law involved, we think the court below might properly have ruled that there was no evidence to sustain the proposition of fact. The evidence showed that frequent firing up was necessary for the practicable running of trains. The exceptions state that "the plaintiff also offered evidence which he claimed tended to prove that an engine drawing a train of cars could be run from half a mile to a mile without firing up, and that, if any space of half or three quarters of a mile was known in advance where it was not desirable to fire up, it was entirely feasible, and within the power of the engineer or

fireman, so to arrange his firings as not to make it necessary to fire up in such a space, and to make such arrangements without interfering with the working of the engine, and that a quarter of a minute or a few seconds' difference in the time of firing up could make no material difference in the running of the engine." The evidence was uncontradicted, that the railroad and highway were adjoining each other for more than a mile; that it would not be practicable to fire up immediately before entering upon that space; and that it would be necessary, in the ordinary running of trains, to fire up somewhere upon that space. Under such circumstances, the firing up near the highway, and the smoke occasioned by it, were ordinary incidents of running the train, as much so as the smoke when not firing, or the noise and vibration caused by the cars; and they were not of themselves evidence of negligence.

The plaintiff argues that, even if it was necessary to fire up when running near the highway, it was not necessary to do so at the particular point where he was; and that the defendant was negligent in not observing him, and avoiding firing up when it would endanger him. There was no evidence that the defendant's servants knew that the plaintiff was on the highway, but there was evidence that they would have seen him if they had been on the lookout for travellers on that part of the highway. If it was their duty to be on the watch for persons on the highway, and to avoid firing up when near them, there was evidence of negligence. The act of firing up, like that of sounding the whistle or blowing off steam, is one necessarily incident to the running of trains, not continuous, but occasional, and so to some extent capable of being regulated in its use; and it may be negligent to do it in places where there are likely to be persons who may be endangered by it, and where its use can be avoided, as at stations and highway crossings and in short portions of the railroad near a highway. But we think that the right to fire up an engine at any particular place must depend upon the character of the place, and not upon whether a person happens to be near at the moment. If the defendant had a right to fire up its engine somewhere within the space where its road adjoins the highway, the firing up there is one of the ordinary and necessary incidents of running the train, against which travellers on the

highway must guard themselves. The lawfulness of the act cannot depend upon whether a traveller happens to be at such a distance from the engine that he will not be endangered by the smoke caused by it, or in such a position that he cannot be seen by the fireman or engineer. If it is their duty to see one traveller outside the location of the railroad, it is their duty to see how many travellers are there, and to observe the position, direction, and speed of each, the speed of the engine, the state of the atmosphere, the direction and force of the wind, the character of the coal used, and other circumstances, which may determine whether all travellers are, and will continue to be until the smoke is dissipated, in such positions that their horses will not be affrighted by it. Being under no obligation to watch for travellers on the highway, the defendant could not have been guilty of negligence in not seeing and avoiding the plaintiff.

*Exceptions overruled.*