TIMOTHY HOWARD *vs.* UNION FREIGHT RAILROAD.

Suffolk.    March 2, 1892. — March 29, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Negligence — Use of Streets by Railroad.*

A railroad corporation authorized by statute and the ordinances of a city to oper-
ate a dummy in a street of the city is not liable to a traveller therein for dam-
age caused by the fright of a horse at the noise made by the escape of steam
through the safety valve of the dummy, although the dummy had been stand-
ing at one place in the street for half an hour.

The provisions of the Pub. Sts. c. 112, § 169, which relate to the use of the streets
and highways by ordinary steam railroads at crossings, and of § 224, which re-
late to railroads for private use, have no application to a corporation which is
using the streets under a special charter.

TORT for personal injuries occasioned to the plaintiff by the alleged negligence of the defendant.    At the trial in the Su-
perior Court, before *Thompson,* J., there was evidence tending to show that while, on the morning of November 1, 1889, one Forsberg was driving along directly opposite a dummy engine standing still on Federal Street in Boston, his horse took fright from a sudden puff of steam from the dummy, and ran up on the sidewalk and knocked down and injured the plaintiff.    It was conceded that the dummy was operated by the defendant, and that the defendant was lawfully authorized by statute and the ordinances of the city to operate a dummy by steam in Federal Street.

The judge ordered a verdict for the defendant, and reported

the case for the consideration of this court. If the ruling was right, judgment was to be entered for the defendant; otherwise, the verdict was to be set aside.

*F. A. Farnham,* for the plaintiff.

*J. H. Benton, Jr.,* for the defendant.

KNOWLTON, J. Under the St. of 1872, c. 342, as amended by the St. of 1876, c. 229, and under the ordinances of the city of Boston, the defendant had a right to use steam-engines to move freight cars on Federal Street in Boston, where the plaintiff received his injury. It is not contended that the dummy engine was an improper one for the purpose. If we assume, on the evidence, not only that the plaintiff was in the exercise of due care, but also that the puff of steam at which the horse was frightened was the proximate cause of the accident, the question arises whether the escape of steam through the safety valve of the engine at that time, and in that place, is evidence of negligence on the part of the defendant. This question must be answered in the negative. There is nothing in the case to show that the occasional escape of steam through the safety valve of a steam-engine is not naturally incident to the use of the engine in drawing cars, and the defendant, having a lawful right to use it on the street, is not liable for an injury naturally resulting from the operation of it. *Favor* v. *Boston & Lowell Railroad,* 114 Mass. 350. *Lamb* v. *Old Colony Railroad,* 140 Mass. 79.

The provisions of the Pub. Sts. c. 112, §§ 169, 224, are not applicable to this case. The first of these sections relates to the use of streets and highways by ordinary steam railroads at crossings, and is intended to prevent too long delays of travellers on highways at railroad crossings from the occupation of the highway by cars passing or standing over it. The last section relates to railroads for private use, and has no application to the defendant corporation, which is using the streets under a special charter.

We see no evidence of negligence in the fact that the dummy engine was standing at one place in the street for half an hour. That might have been necessary in the transaction of the defendant's business. But if it was not, it does not appear that there was any more reason to expect the fright of horses, or any other

danger, from the engine while so standing, than if it had been moving.   There is nothing to show that the escape of steam and the consequent fright of the horse grew out of any improper or negligent management of the engine.

*Judgment on the verdict.*