No. 16,461.

## Schmidt et al. *v.* Draper.

Supreme Court Practice.—*Harmless Error.*—A harmless error is not a sufficient reason for reversing a judgment where a right result has been reached.

Highways.—*Streets and Alleys.*—*Adverse Possession.*—*Statute of Limitations.*—The statute of limitations does not run as to the occupancy of part of a public street or alley of a city or town, nor can an adjoining land-owner, by a permissive possession of a part of a street or alley, acquire any rights by such possession.

Same.—*Same.*—*Buildings Set Over Line in Alley.*—*Width of Alley.*—*Opposite Abutter.*—A land-owner whose land abuts upon an alley, by setting his improvements over the line of and in such alley, can not insist that the alley shall be maintained to its full width at the expense of the land-owner whose land abuts on the opposite side of the alley, however long he may adversely hold the part of such alley covered by his improvements.

From the Vigo Circuit Court.

*W. E. Hendrick* and *I. N. Pierce,* for appellants.

*S. C. Stimson, R. B. Stimson* and *S. B. Davis,* for appellee.

Dailey, J.—This was a proceeding by the appellants to enjoin the appellee from permanently obstructing a public alley in Jewett's first subdivision of Eutaw farm, in the city of Terre Haute.

This farm was, in an early day, a piece of suburban land, situated without the limits of said city, and was owned by Mary M. Jewett, and platted by herself and husband into lots, streets and alleys, in 1852. These alleys were laid off and staked by the Jewetts, sixteen feet wide, and the lots abutting on said alley were sold by them to various persons, who made substantial improvements thereon, consisting of residences, out-houses and fences. The appellant Schmidt owns seventy feet off the west side of lot number fourteen, and appellant

Dodson owns sixty-six feet off the south side of lot number sixteen, both being situated north of the alley and bordering thereon; the appellee owned sixty-five feet off the north side of lot nine therein, situated south of the alley and abutting thereon 150 feet, and opposite appellant Dodson's premises.

This subdivision had been annexed to the city of Terre Haute prior to the commission of the acts mentioned in the plaintiffs' complaint.

The complaint, upon which this action was tried, fully sets forth the facts and circumstances connected with the creation of this alley, and that the appellants were the owners of improved real estate abutting thereon; that the same had been dedicated to the public as an alley by the owners of the lands; that said alley had been marked and staked as an alley; that the lands adjacent had been platted July 13, 1852; that the lots therein had been sold, fenced and improved by the owners thereof with reference to the alley; that the appellants were the owners of portions of said lots adjoining to and bordering thereon; that they, and all the owners of lots abutting on said alley, had made their improvements with reference thereto, and said alley had been maintained, improved and worked upon, as the same had been so platted in 1852.

It further avers that the defendant wrongfully, and without right, threatens and is about to obstruct the west end of said alley or way for a distance of 140 feet, in which the plaintiffs have a special right and interest, as aforesaid, by narrowing the same so as to prevent the passing of ordinary wagons and vehicles from and to said plaintiffs' premises, with a permanent fence and posts sunk in the ground, thereby destroying the full use, ingress and egress of plaintiffs' premises, to their special injury and irreparable damage, distinct from the

general inconvenience experienced by the public, and the plaintiffs pray for an injunction.

To this complaint the appellee filed an answer in three paragraphs, to the first and third of which the appellants demurred. The demurrer was sustained as to the third, and overruled as to the first paragraph of the answer, to which the appellants excepted. Thereupon the appellants replied to the first paragraph in general denial. As we understand the contention, appellants claim, and appellee admits, that their fences were erected first, and that they have been built thirty years. Appellants claim, and appellee concedes, that when the north line of his fence was afterwards erected, it was placed 16 feet south of the appellant Dodson's fence, with a view to leaving the alley as provided in the plat. But appellee insists that appellant Dodson's fence was located three feet and some inches south of the true north line of the alley.

Appellee claims that his fence, by reason of the appellant Dodson's fence being off the true line, was also located south of its proper place, and that this fact, having been ascertained and the correct lines duly and legally established, he had the right to move his fence north and rebuild it on his exact line. This the appellants deny on the ground that they bought these lots and constructed their fences according to certain stakes that had been driven after the dedication to the public and prior to the sale of these lots, and that they and those under whom they claim having had possession for thirty years of the grounds up to said stakes, have acquired a prescriptive right to all they have enclosed, and of necessity the alley has been pushed or shoved south a corresponding distance. This seems to be the real issue in the controversy, although appellants' learned counsel concede that title to a street can not be acquired by

adverse user, and they seem to rely specially upon the fact that the fences were established according to certain stakes which were at the time pointed out to the property owners.

There is no averment in the complaint that appellee or his grantors had, at any time, dedicated any additional ground for an alley on the south, or that the public had acquired any by adverse user.

A general denial of the complaint formed the issue on which the case was tried, although the first paragraph, being a special answer, was also filed alleging that the proposed fence will only be 30 inches in the alley, as averred by the plaintiff, and that it will not constitute an obstruction.

The overruling of appellants' demurrer to this special paragraph is the first error assigned.

The pertinent inquiry for the court to pursue under the answer of general denial was:

First. As to the location of the alley upon the plat.

Second. Whether the threatened obstruction would be in the alley.

The court made a special finding of facts, and stated its conclusions of law thereon. The facts so found show that the threatened obstruction would not be in the alley at all. If, therefore, the threatened obstruction was, as a matter of fact, not in the alley, an allegation in a special answer that it would not be "more than thirty inches in the alleged alley," although bad as an answer, would be entirely harmless; and a harmless error is not a sufficient reason for reversing a judgment where right conclusions have been reached.

"So, where the record affirmatively shows that no harm resulted from overruling a demurrer to one of several paragraphs of answer, the error will be deemed not prejudicial." Elliott's App. Proced., section 637; *Wal-*

*ling* v. *Burgess*, 122 Ind. 299; *Over* v. *Shannon*, 75 Ind. 352; *Nixon* v. *Campbell*, 106 Ind. 47; *Krug* v. *Davis*, 101 Ind. 75; *Sohn* v. *Cambern*, 106 Ind. 302.

The second specification of error, that "the court erred in its conclusions of law on the special findings herein," goes directly to the merits of the controversy.

Under the issue of general denial to the complaint, the burden was on the appellants to show the location of the platted alley; that the obstruction would be therein, and every other fact must be found and stated in the special finding necessary to the plaintiffs' recovery, or the judgment must be for the defendant. *Kehr* v. *Hall*, 117 Ind. 405 (410), and cases there cited.

Stripping the special finding of all extrinsic matter, the court found the material fact that Mary M. Jewett platted the lots in this subdivision; that lots 9, 10, 11 and 12, fronting south on Eagle street, are divided from 13, 14, 15 and 16, fronting north on Chestnut street, by an alley sixteen feet wide, running from Thirteenth to Fourteenth street, the north line of the alley plat being $194\frac{2}{100}$ feet south from Chestnut street; "that said (plaintiffs') fences and south line of stables are 198 feet from Chestnut street," " and have been for over thirty years." This shows that plaintiffs' fences are exactly $3\frac{98}{100}$ feet further south than the north line of the alley as originally platted and dedicated; thus making it plain that it is the plaintiffs, and not the defendant, who have encroached upon and obstructed the alley about which complaint is made. This fact brings prominently to view the whole secret of the controversy, and the plaintiffs' real contention, although not so stated by them in positive language, viz, that they have, for more than twenty years, occupied with their fences and stables $3\frac{98}{100}$ feet of the alley, and, therefore, have acquired title to it by prescription, and their occupancy of the alley has

not had the effect of narrowing the alley, but of pushing it over that much farther on the abutting owners on the south; that it still remains sixteen feet wide, and any obstruction that comes within less than sixteen feet of their fence lines is an obstruction of the alley. This assumption is not tenable. The statute of limitations does not run as to the occupancy of part of a public street or alley of a city, nor could the plaintiffs, by such permissive possession of a part of the alley acquire any rights by such adverse possession. There can be no permanent rightful possession of a public street. *Sims* v. *City of Frankfort,* 79 Ind. 446; *Cheek* v. *City of Aurora,* 92 Ind. 107.

In *City of Indianapolis* v. *Kingsbury,* 101 Ind. 200 (222), it is said: "All the cases agree that the sale and conveyance of a lot bounded by a highway conveys the fee to the center of the way, and an interest in the highway, as such, throughout its entire length."

In *State* v. *Berdetta,* 73 Ind. 185 (198), this court said: "But more than this, he who does seize a part of the public highway for private purposes knows, not merely as matter of law, and that is conclusive knowledge, but as a matter of fact, that he is invading the rights of all the citizens of the State; for all have a right to the free use of * the highway." *Carr* v. *Kolb,* 99 Ind. 53.

It is further said in *State* v. *Berdetta,* supra, that: "Public highways belong from side to side and end to end to the public."

It follows that if the north line were so encroached upon, it could not affect the rights of the abutting owners on the south side to occupy to the true line, nor is proof of such encroachment admissible, where the complaint does not also allege a dedication of additional ground on the south, except in so far as such evidence would tend to show the true location of such platted alley.

The court finds the significant facts that the city engineer, pursuant to the city authority, "fixed and established the lines of said alley between the plaintiff Dodson and the defendant, and set the stakes for the north line of the alley, at the intersection of 13th street, 36 inches north," showing that the plaintiff Dodson had three feet of the north side of the alley fenced in; "that the stake for the south side of the alley was set 32 inches north of defendant's present fence, and that defendant, in obedience to the warrant of the city, was proceeding to set his fence north 30 inches, and within two inches of the line fixed by the engineer; that this left the alley 13 feet wide in the narrowest place, with the plaintiff Dodson's fence remaining as it now is; and the width abutting plaintiff Schmidt's lot entirely undiminished."

Now, if the plaintiff Dodson had set her fence back three feet to the line, the alley would still have been 16 feet wide, and "entirely undiminished," abutting her lot, as it was abutting her co-appellant Schmidt's premises.

Another very suggestive fact found by the court is, that the lines fixed by the engineer, while they varied three feet from the fence lines at 13th street, correspond with the lines of fence at 14th street. The lines of fence actually varied from an east and west course three feet in running from one street to another; this would seem ample proof that the property owners, probably 30 years ago, when the lots were of little value, were careless in locating their fences, stables and sheds.

Section 3073, R. S. 1881, provides that: "The civil engineer * * * shall superintend the opening of streets and the preservation of the true lines thereof, and perform all other duties appertaining to his office when directed by the common council.

"And such engineer shall have exclusive jurisdiction

to survey, determine, establish, and perpetuate the lines and corners of all lots, blocks, parcels of land, and sub-divisions thereof, within the limits of such city;  * * * And from all  such surveys an appeal  may be taken, as provided for appeals from surveys made by the county surveyor.''

It was found by the court that this property lies within the corporate limits of the city of Terre Haute, and that ''The civil engineer of  said city  * * *  pursuant  to the order of the common council  * * *  on the ——— day of ————, 1890, fixed and established the lines of said al-ley.''  ''That said city council issued its warrants against all the owners of lots along said alley, to move their fences and structures to the lines established by said civil engineer''; that ''The defendant, Draper, was pro-ceeding, in obedience to said warrants served on him, to set his fence north from its present location, a distance of 30 inches, and to a line 2 inches south of the line in-dicated by said engineer.''

Many other facts of an immaterial nature were  found by the court, but we have set out in this opinion all that are essential or material.   On these facts the court finds as conclusions of law that the restraining order herein be dissolved, and that the defendant recover of the plain-tiffs his costs herein expended.

We think the court did not err in its conclusions of law on the special findings.

As to the third specification of error—the overruling of appellants' motion for a new trial—there is evidence in the record tending to establish every important fact specially found by the court, and this court will not weigh the evidence or disturb the finding, where there is evidence tending to sustain it.   *Isler* v. *Bland*, 117 Ind. 457; *Cowger* v. *Land*, 112 Ind. 263.

In our opinion the motion for a new trial was properly overruled.

We find no error in the record for which the judgment should be reversed.

The judgment is affirmed, with costs.

Filed Mar. 8, 1894.