SKINNER v. NEW YORK, O. & W. R. CO.

(Supreme Court, Trial Term, Chenango County. January 22, 1900.)

RAILROADS—FAILURE TO SIGNAL—OVERHEAD CROSSING.

    A complaint alleging that, by reason of defendant's negligence in failing to signal the approach of its train, his horse became unmanageable, and was injured while being driven along a public highway, over which defendant's railroad crossed on an elevated structure, does not state a cause of action, since defendant owes no duty to give any warning at such crossing, unless it has observed that plaintiff was in a dangerous position.

Action by Henry A. Skinner against the New York, Ontario & Western Railroad Company. Demurrer to complaint sustained.

Tillman & Clarke, for plaintiff.
Howard D. Newton, for defendant.

FORBES, J. This is an action of negligence. The accident complained of occurred on or about the 21st day of February, 1899, between the villages of Sidney, Delaware county, and East Guilford, Chenango county, at a crossing known as "Peckham's Crossing." The plaintiff, after describing the crossing, and pleading due care and want of contributory negligence on his part, in his amended complaint, in substance, alleges that while driving a horse attached to a cutter along a public highway, over which the defendant's railroad crossed upon an elevated structure, said horse became frightened by the defendant's engine, known as a "pusher," which was approaching said crossing; that the defendant was negligent in the management of the train, in that no whistle was blown or bell was rung, or other signal or notice was given of the approach of the train. The plaintiff further alleges that such failure to give notice of the approach of the train was the cause of the plaintiff's injury. There are several similar subdivisions to said complaint. The complaint also alleges that the plaintiff's horse was greatly frightened by the coming of said engine; that it "became unmanageable, and ran away, and by reason of the said frightened condition of said horse, caused by the acts of the defendant as aforesaid alleged, and

by reason of said horse running away, the said horse was bodily injured"; that the harness and cutter were broken to pieces, and completely demolished. The damages for said injuries are fixed at the sum of $500. It is nowhere alleged that the defendant corporation acted wantonly or maliciously. The gravamen of the amended complaint is that the injury occurred solely through the negligence of the defendant in not giving warning of the approaching engine.

The defendant demurs upon the ground that said complaint upon its face does not state facts sufficient to constitute a cause of action. This raises the one proposition to be decided, viz. whether, under the law of this state, a railroad company owes any duty to a traveler upon a public highway, where the intersection of the highway and the railroad is not at grade. Under the earlier statutes and decisions of this state, it must be conceded that the statute was sufficiently broad in its language to apply to all crossings at a public highway where the railroad intersects the highway at grade, or passes over or under such crossings. General Railroad Act 1850, § 39; People v. New York Cent. R. Co., 25 Barb. 199, affirmed in 13 N. Y. 78.

The decisions of the courts in this state, and in many other states of the Union, have been conflicting as to the duty which a railroad corporation owes to the public in running its trains. But it seems to me that in this state the law is now pretty well settled that a railroad corporation has the absolute right to run its trains over its roadbed at such a rate of speed as it pleases, outside of the cities and thickly-settled parts of incorporated villages, and that damages cannot be awarded for the frightening of horses, however gentle and manageable, where the fright occurs in the ordinary operation of their moving trains and engines at other than grade crossings. Moshier v. Railroad Co., 8 Barb. 427; Coy v. Railroad Co., 23 Barb. 643; Warner v. Railroad Co., 44 N. Y. 465; 3 Elliott, R. R. § 1264; Sutton v. Railroad Co. (Wis.) 77 N. W. 993; Mitchell v. Railroad Co. (Tenn. Sup.) 45 S. W. 337; Com. v. Fitchburg R. Co., 126 Mass. 472; Lamb v. Railroad Co., 140 Mass. 79, 2 N. E. 932. There is no statute law at this time regulating the speed or conduct of trains at other than grade crossings. Pen. Code, § 421; Laws 1884, c. 439, § 3; Laws 1890, c. 565, § 33. My attention has been called to only one decision in point in this state under the recent statutes: Phillips v. Railroad Co., 84 Hun, 412, 32 N. Y. Supp. 299. In the case of Vandewater v. Railroad Co., 135 N. Y. 583, 32 N. E. 636, 18 L. R. A. 771, the court of appeals has construed the act of 1854 as still in force in this state, but applying, in terms, to grade crossings only. The supreme court of Massachusetts seems to hold that a railroad company owes no positive duty to the public, other than at grade crossings. Favor v. Railroad Corp., 114 Mass. 350. The Pennsylvania and Indiana courts seem to have been recently taking the same view of this subject. Farley v. Harris, 186 Pa. St. 442, 40 Atl. 798; Railway Co. v. Gaines, 104 Ind. 526, 4 N. E. 34, and 5 N. E. 746.

The plaintiff does not allege that the defendant corporation had any knowledge of his approach to said crossing, nor that anything was done maliciously or wantonly in the running of said engine, but

he predicates his right to recover on the ground that the railroad company owes a duty to the public to give some signal, by the ringing of the bell or the sounding of the whistle, when approaching a nongrade crossing. It seems to me that, by legislative construction, as the statute and decisions now stand, the defendant owed no duty to the plaintiff to give any warning of the approach of the train, unless by observation its servants found that the plaintiff was placed in a dangerous position; and then the defendant might be bound to use care to avoid the accident, if possible to do so. With knowledge of the overcrossing, it was the duty of the plaintiff to satisfy himself that he might cross in safety. Had the injury occurred from the wanton or unnecessary blowing of the whistle, an unusual or unnecessary noise of the train, or from some affirmative act of negligence chargeable to the defendant, a different proposition might be presented, raising a question of fact for the jury. Schermerhorn v. Railroad Co., 33 App. Div. 17, 53 N. Y. Supp. 279.

The demurrer must therefore be sustained, with leave to the plaintiff to amend his complaint within 20 days, on payment to the defendant of the costs, to be taxed by the clerk of Chenango county, on notice.