## VANDALIA RAILROAD COMPANY *v.* McMAINS.

[No. 6,569. Filed November 20, 1908.]

1. RAILROADS.—*Emitting Steam.—Liability Therefor.*—No cause of action arises for injuries received because of the necessary, usual and ordinary escape of steam from a locomotive. p. 534.

2. SAME.—*Emitting Steam.—Negligence.*—The careless and negligent emission of steam from a locomotive, to plaintiff's damage, though such locomotive be at a proper place, gives a right of action. p. 535.

3. SAME.—*Street Crossings.—Rights.*—The rights of a railroad company and a traveler at a street crossing are mutual, and each must act with due regard for the rights of the other. p. 535.

4. SAME.—*Emitting Steam.—Negligence.—Inferences.—Jury.*—The jury may infer negligence from the facts existing at a street crossing injury, but cannot infer the facts from which to draw the inference of negligence. p. 535.

5. APPEAL.—*Weighing Evidence.*—Where the sufficiency of the evidence is questioned on appeal, the Appellate Court may determine whether there was evidence supporting the inference drawn by the jury, but cannot weigh the evidence. p. 535.

6. RAILROADS. — *Emitting Steam.—Negligence.—Evidence.*—Where the evidence shows that a train arrived at a street crossing at

1 o'clock, and stood near by for fifteen minutes waiting for another train, that it was unnecessary to have a full head of steam until three minutes before it started, that the steam could have been controlled, but was allowed to escape with a loud noise, thereby frightening plaintiff's horse on the street crossing, to her damage, the jury may infer negligence.   p. 535.

From Putnam Circuit Court; *John M. Rawley,* Judge.

Action by Eva McMains against the Vandalia Railroad Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*John H. James, D. P. Williams* and *John G. Williams,* for appellant.

*James P. Hughes,* for appellee.

Roby, J.—This is an appeal from a judgment for $300 damages in favor of plaintiff against the Vandalia Railroad Company. The basis of liability is the alleged negligence of defendant in permitting steam to escape from one of its engines, which so frightened the horse plaintiff was driving that it ran away, upset the buggy, threw plaintiff out and injured her. Demurrers to the two paragraphs of complaint were overruled, answers were filed in general denial, and the case was tried by a jury.

The error relied upon is the overruling of defendant's motion for a new trial, which assigned as reasons therefor that the verdict is not sustained by sufficient evidence and that it is contrary to law.

The facts of the case with regard to the accident, as shown by the evidence, are substantially as follows: The plaintiff, Mrs. Eva McMains, with her brother-in-law, was, on a certain day, driving a horse and buggy into the city of Greencastle from the south over the Cloverdale road, which is crossed by the tracks of the defendant. Standing on the railroad tracks, a few feet west of the crossing, was a locomotive and a train of freight-cars, which had been stopped on the switch there to take water and to meet a west-bound passenger-train. Plaintiff stopped near the crossing and

then attempted to drive across, when, according to the evidence of herself and her brother-in-law, the engine emitted a large quantity of steam. The horse became frightened, reared, turned to the east, and threw both plaintiff and her brother-in-law out, causing the injuries of which she complains. The evidence also shows that prior to stopping at this crossing the engineer alighted from his engine at the station in Greencastle at 12:56 o'clock p. m. to get orders, for which he had to sign, leaving the engine in charge of the fireman; that it took the fireman four or five minutes to pull from the depot to the water-crane; that the westbound train arrived at 1:20 o'clock p. m., after which the freight-train left; that it took four or five minutes for the fireman to fill the water-tank, after which he attended to the fire; that the engineer arrived at the engine five minutes after the accident, and it was ten minutes more until the train left; that it was not necessary to have a high pressure of steam until time to start, and that this could be had, under the existing conditions, in three or four minutes; that pressure could be reduced by three modes other than by the safety-valve or muffler. The fireman testified that no steam escaped, as plaintiff complains.

The law with regard to accidents caused by the frightening of horses by the emission of steam from engines is well settled. 2 Thompson, Negligence (2d ed.), 1. §§1922-1924. The use of steam by railway companies is lawful (§5195 Burns 1908, cl. 8, §3903 R. S. 1881), and if horses take fright at the necessary escape of steam, while it is being used in the usual and ordinary manner, no action will lie (*Louisville, etc., R. Co.* v. *Schmidt* [1893], 134 Ind. 16; *Philadelphia, etc., R. Co.* v. *Burkhardt* [1896], 83 Md. 516, 34 Atl. 1010; *Abbot* v. *Kalbus* [1889], 74 Wis. 504, 43 N. W. 367; *Duvall* v. *Baltimore, etc., R. Co.* [1891], 73 Md. 516, 21 Atl. 496; *Lamb* v. *Old Colony R. Co.* [1885], 140 Mass. 79, 2 N. E. 932, 54 Am. Rep. 449), and any damage that may result therefrom is *damnum absque*

*injuria.* But though the escape of steam at a proper place is rightful in itself, the defendant will be liable if the steam is blown off negligently or carelessly in an unusual and unnecessary manner. *Louisville, etc., R. Co.* v. *Schmidt* (1897), 147 Ind. 638; *Ft. Wayne Cooperage Co.* v. *Page* (1908), 170 Ind. 585; *Omaha, etc., R. Co.* v. *Clark* (1892), 35 Neb. 867, 53 N. W. 970, 23 L. R. A. 504; *Hahn* v. *Southern Pac. R. Co.* (1877), 51 Cal. 605; *Terre Haute, etc., R. Co.* v. *Doyle* (1894), 56 Ill. App. 78. "While the rights of the company are to be respected and protected, other persons also have rights which in like manner must be respected by the company and its employes." *Omaha, etc., R. Co.* v. *Clark, supra.* The rights and duties of the appellant and appellee at the crossing in question were mutual, and both were respectively bound to do what the law required. *Louisville, etc., R. Co.* v. *Schmidt, supra.* To charge the railroad company in this case with liability, the evidence must establish facts which warrant the inference of negligence on the part of the company. The jury can infer negligence from the facts proved, but it cannot infer the existence of the facts which would constitute negligence. *Omaha, etc., R. Co.* v. *Clark, supra.* Under the rule that our appellate courts cannot weigh evidence (*Schmidt* v. *Draper* [1894], 137 Ind. 249; *Isler* v. *Bland* [1889], 117 Ind. 457; *Cowger* v. *Land* [1887], 112 Ind. 263), the only question for decision is: Was there evidence from which the jury could properly draw the inference?

There was evidence that the steam escaped, that it was unnecessary to have a full head of steam at the time the accident happened, and for fifteen minutes thereafter, and that the steam pressure could have been controlled by three methods other than the safety-valve. The evidence showed that the train arrived at the switch at 1 o'clock. In answer to the question: "Do you know what time the west-bound passenger-train goes past that

point?" the fireman replied: "It is supposed to pass there at 1:16 o'clock, but it was a few minutes late." When asked "How many minutes late was it?" he answered: "About four minutes, I think." Under the conditions full pressure could be had in three or four minutes, and even if the fireman was preparing to leave at 1:16 o'clock it was unnecessary to have full pressure until several—ten or eleven—minutes after the accident. It was within the province of the jury to infer from the evidence that the fireman knew the train was late. This case is clearly distinguished from *Duvall* v. *Baltimore, etc., R. Co., supra,* where the engine was "waiting to move at a moment's notice," and full pressure of steam was "absolutely necessary to its movements." While the preponderance of evidence may have been to the contrary, the testimony was sufficient to warrant the inference of negligence. *Lane* v. *Brown* (1864), 22 Ind. 239; *Crocker* v. *Hadley* (1885), 102 Ind. 416; *Yount* v. *Yount* (1896), 144 Ind. 133. The presence of negligence may be determined, in the absence of express testimony of witnesses, from the fact that the blowing off of steam, under the circmstances, was necessary or unnecessary. "The place, the length and character of the train, its conduct, the distance from the team and the crossing, the purpose and use of steam-cocks, the manner and facility of their manipulation, and all other circumstances, may be considered by the jury, in the light of common knowledge, experience and observation," in such determination. *St. Louis, etc., R. Co.* v. *Lewis* (1895), 60 Ark. 409, 416, 30 S. W. 765.

Judgment affirmed.