## JOHN FLINT *vs.* NORWICH AND WORCESTER RAILROAD COMPANY.

In an action to recover for injuries caused by the plaintiff's horse becoming frightened by cars on the defendants' railroad, it appeared that the railroad crossed the highway on which the plaintiff was travelling; that the horse became frightened when about five rods from the crossing by the approach of two cars about ten rods therefrom; that the cars were coming on a down grade by the force of gravitation, at the rate of eight or ten miles an hour; and that no signal was given of their approach. *Held*, that these facts would not warrant the jury in returning a verdict for the plaintiff.

TORT, to recover for injuries to the plaintiff's horse and wagon Trial in the Superior Court, before *Putnam*, J., who, before ver dict, by consent of the parties, made a report of the case, of which the material part was as follows :

" The defendants' railroad, and the Boston, Hartford and Erie Railroad, cross a highway in Webster, at grade, parallel to each other. The former railroad runs north and south, and is twenty-five feet east of the latter. The highway runs east and west. The plaintiff offered evidence tending to show that his servant was driving the plaintiff's horse, with a covered wagon, from the west to the east, on the highway and approaching the defendants' railroad at the crossing ; that the horse was suitable and well broken, and the servant a careful driver ; that when he had reached a point about five rods from the defendants' railroad, the horse became frightened at two cars which were approaching the crossing on said railroad, from the north, and about ten rods from the crossing ; that the horse jumped and turned towards the south, the driver pulled the rein to turn him back, but the rein broke and the horse went off the highway, ran several rods and did the

Flint *v.* Norwich & Worcester Railroad Company.

injury complained of ; and that the servant did not see the cars till the horse jumped on one side and ran.

" The driver testified that he supposed he might have seen the cars if any signal had been given, though some bushes partly obstructed the view, and a waterfall near by prevented his hearing them. No whistle or bell was sounded, and no other signal was given of their approach. The cars were flat cars of ordinary construction, loaded with iron, supplied with brakes, in the charge of three men, and moving down a grade by the force of gravitation, at the rate of eight or ten miles an hour. The horse had got off the highway before the cars crossed. The cars did not stop. The defendants' evidence tended to show that the cars were moving slower than the plaintiff's witness testified ; that the men in charge of the cars saw the horse and wagon, and could have stopped the cars long before reaching the highway if it had been necessary ; and that the plaintiff's servant was farther from the railroad when the horse turned, than he testified. The plaintiff testified that the man in charge of the cars told him, after the accident, the reason why he did not stop was that he was in a hurry to get to the station below, but this was denied by the man.

" The judge ruled that the plaintiff could not maintain the action, and, by consent of the parties, reported the case before verdict for the· determination of this court. If the evidence should have been submitted to the jury, the case to be returned for trial ; if the ruling was correct, judgment to be entered for the defendants."

*J. H. Stockwell,* for the plaintiff.

*F. P. Goulding,* for the defendants.

BY THE COURT. It does not appear that there was any fault in the management of the cars, or that they were the cause of the accident. There was not sufficient evidence to authorize a verdict for the plaintiff.           *Judgment for the defendants.*