JOHN POLLOCK *vs.* EASTERN RAILROAD COMPANY.

Middlesex. Jan. 14. — March 1, 1878. ENDICOTT & LORD, JJ., did not sit.

A railroad corporation, neglecting, when a train is approaching a place where its road crosses a highway at grade, to give due warning of its approach, is liable to one injured thereby, though the injury results, not from a collision, but from the fright of the horse he is driving, which was not guarded against for want of such warning.

The St. of 1876, c. 236, is not a bar to an action subsequently brought against the Eastern Railroad Company for a prior injury occasioned by its negligence, and for which an action might have been maintained at common law before the passage of that statute.

SOULE, J. This is an action of tort, in which the writ is dated in August, 1877. The declaration alleges in substance that in October, 1874, the defendant corporation was managing a rail road which crossed a certain highway at grade, and had been accustomed and was bound to keep a flagman at the crossing to warn travellers on the highway of the approach of trains on the railroad; that he was driving on the highway, and, because there was no flagman at the crossing, had no reason to suppose a train was approaching, and therefore drove near to the crossing, with due care; and the defendant's train crossed the highway with great speed and noise, and frightened his horses; that he jumped to hold them, but they ran over him and drew his wagon over him, and injured him; and that the defendant negligently omitted to give the signals of warning required by law, and did not use due care in running its train.

To this declaration the defendant demurs, and assigns, as causes of demurrer, first, that the only remedy for the plaintiff is by petition or bill in equity to this court, under the provisions of the St. of 1876, c. 236; and, second, that the declaration does not state a legal cause of action, in accordance with the Gen. Sts. c. 129.

The second cause of demurrer assigned was not insisted on at the argument, and we are of opinion that the declaration is sufficient. It alleges, and the demurrer admits, that the accident resulted from the fright of the horses, caused by the negligence of the defendant in not giving due warning of the approach of

a train. This is enough, though it is not alleged, and is not the fact, that any collision occurred between the train and the plaintiff, his wagon or horses. *Norton* v. *Eastern Railroad*, 113 Mass. 366. *Prescott* v. *Eastern Railroad*, 113 Mass. 370 note.

The first cause of demurrer assigned depends for its determination on the interpretation to be given to the St. of 1876, *c.* 236. The statute provides a method for funding the existing liabilities of the defendant corporation, in order that it may be relieved from the pressure of debts already due or soon to fall due, by substituting therefor its obligations payable after thirty years, but secured by a mortgage of the franchise and real and personal property of the corporation. This mortgage the statute authorizes the defendant to execute, but does not make the execution of it compulsory. It is an enabling act, and has no likeness in its purposes to bankruptcy proceedings or the English winding-up acts. No creditor nor claimant was obliged to avail himself of it, but all were left to decide for themselves whether they would hold their claims in their original form, or exchange them for the secured obligations provided for by the statute. The provisions in the sixth and ninth sections are merely ancillary to the general purpose of the statute, for the benefit of those only who claim a right to receive secured certificates of indebtedness, and whose claims are disputed by the corporation, either wholly or in part. They are not intended to furnish a new remedy for such creditors or claimants as do not ask that the amount of their claims may be determined, as a preliminary to the issuing of secured certificates of indebtedness in satisfaction thereof. Those creditors and claimants, whose claims are disputed, and who do not intend to receive the benefit of the mortgage under the proceedings authorized for that purpose, are not entitled to establish their claims by the method indicated in the act.

But if this were not so, and the statute gave to all the creditors of the defendant and claimants against it a new remedy for the enforcement of their claims, without reference to their wish to receive the secured certificates for the amount found to be due them, it would not operate to take away a common law remedy which existed before. When a new right is created by a statute which provides a method in which the right may be en-

forced, the method thus provided is the only one which can be pursued; but when a statute merely gives a new remedy for enforcing a common law right, such new remedy is cumulative, unless, by special enactment or by implication, the common law remedy is excluded. *Coffin* v. *Field*, 7 Cush. 355, 358. *Brown* v. *Castles*, 11 Cush. 348. The statute under consideration contains no such enactment, nor anything which implies such exclusion. The plaintiff's claim being for damages sustained by reason of the negligence of the defendant under circumstances which gave him a right of action at common law, he may maintain this action.                                        *Demurrer overruled.*

*R. Olney*, for the defendant.

*T. H. Sweetser & J. W. Johnson*, for the plaintiff.