JACOB WHITNEY *vs.* MAINE CENTRAL RAILROAD COMPANY.

Androscoggin.    Opinion February 22, 1879.

*Railroad crossing.    Due care.    Trains and noises.    New trial.*

A traveler upon a highway, and a railroad corporation with their trains, in approaching a crossing, are each bound to use their privilege with such reasonable precaution, prudence and actual diligence as may enable the one to cross in safety to the other.

A railroad corporation, having a chartered right to run its trains, has neces sarily the right to make all reasonable and usual noises incident thereto, whether occasioned by the escape of steam, rattling of the cars, or other causes.

A verdict should not be rendered in favor of a plaintiff when the evidence shows that the injuries were the result of his own fault and because he was not in the exercise of ordinary care.

Where the verdict is manifestly against the weight of evidence, on the point of want of care on the part of the plaintiff, it will be set aside.

ON MOTION.

CASE for injuries alleged to have been received by the plaintiff on the 6th day of June, 1877. "And the plaintiff avers that, on the sixth day of June, aforesaid, there was a certain public highway leading from south-west bend ferry, so called, to Lisbon factory village, in said county of Androscoggin, which said public highway was crossed by said railroad, occupied and con trolled by said defendant corporation, at a place near the south easterly end of the Lisbon depot, so called, at said Lisbon ; and the plaintiff further avers that, on said sixth day of June, he was riding over and upon said highway in a wagon drawn by one horse, said horse, harness and wagon being then and there suffi cient, and he, the said plaintiff, being then and there in the exercise of due care and without fault, and that, when he attempted to drive over that part of said highway where the same is crossed by said railroad, the said defendant corporation, by its servants, suddenly, negligently, and without due and sufficient warning, backed a train of cars propelled by an engine, then and there standing upon the railroad track on the northerly side of said highway, across said highway and immediately in front of the horse driven by said plaintiff, causing said horse to become

frightened and unmanageable. And the plaintiff further avers that said defendant corporation did not then and there employ in and about said train a suitable number of careful and competent engineers, firemen, conductors, and brakemen, for the management of said train and engine, and the same were not then and there properly stationed and in the exercise of due care, skill and vigilance in the management of said engine and train; but that said servants of said defendant corporation then and there in charge and control of said engine and train were careless and negligent in the management of said train, and gave no warning to the plaintiff by bell, whistle, or other signal or act, of the crossing of said road by their said cars as aforesaid and had no person at the rear end of said train or at said crossing to give warning to the plaintiff and others who should desire to cross said railroad where the same crossed said highway, by reason whereof and the negligence, carelessness, and this conduct of the servants of said defendant corporation then and there in charge of said train, and the want of suitable engineers, conductors, brakemen and firemen, and a sufficient number thereof, properly stationed, the plaintiff's horse became frightened, the plaintiff's carriage in which he was then and there riding was overturned, and the plaintiff was thrown violently upon the ground and then and there received grievous bodily injury," etc.

Plea, general issue. The essential parts of the evidence are recited in the opinion.

The verdict was for the plaintiff for the sum of $500; whereupon the defendants moved that the verdict be set aside and a new trial granted, upon the ground that the verdict was against law, the evidence, and manifestly against the weight of evidence.

*W. P. Frye, J. B. Cotton & W. H. White,* for the defendants.

*A. A. Strout & F. W. Dana,* for the plaintiff, who contended:

That a verdict will not be set aside as being against evidence unless it so preponderates in favor of the losing party as to authorize the court to infer that the jury acted under improper motives. *Williams* v. *Buker,* 49 Maine, 427.

Although the conclusion to which the jury arrives may be dif-

ferent from that of the court had the issue been submitted to them, the verdict will not be set aside unless it was most manifestly against the weight of evidence. *Googins* v. *Gilmore*, 47 Maine, 9. *Peabody.* v. *Hewett*, 52 Maine, 33. *Farnum* v. *Virgin*, 52 Maine, 576. *Darby* v. *Hayford*, 56 Maine, 246.

When the evidence is conflicting upon points vital to the result, the conclusion of the jury will not be reversed, unless the preponderance against the verdict is such as to amount to a moral certainty that the jury erred. *Inhabitants of Enfield* v. *Buswell*, 62 Maine, 128. *Woodis* v. *Jordan*, 62 Maine, 490.

The law imposes the duty of determining the facts upon a jury who see and hear the witnesses, and not upon the court who has not those means of ascertaining the truth. *Elliott* v. *Grant*, 59 Maine, 418.

A verdict founded upon conflicting testimony will not be set aside as being against the weight of evidence unless it be flagrantly erroneous. *Staples* v. *Wellington*, 58 Maine, 454.

VIRGIN, J. The plaintiff has the right in common with all other travelers to use the highway at all times for the purposes for which such ways are constructed. The defendant corporation also by force of their charter, had a right to lay their track and run their trains over and across the highway at the place where it is constructed. But they cannot both use the crossing at the same time. On the contrary, each, on approaching it, is bound to use his privilege with such reasonable precaution, prudence and actual diligence as may enable him to use it with safety to the other, approaching in like exercise of care. *Webb* v. *Port. & K. R. R. Co.*, 57 Maine, 117. On account of the nature of the motive power used by railroads, and the difficulties attending its management, and the noises incident thereto, the statute has prescribed means particularly adapted to give notice of the approach of a train, the object being to warn all persons of such approach in season to enable them to stop at a safe distance, and thus avoid the risk not only of collision but also of alarm to horses. *Hill* v. *Port. & Roch. R. R. Co.*, 55 Maine, 438, 441. *Norton* v. *Eastern R. R. Co.*, 113 Mass. 362. *Prescott* v. *Eastern R. R. Co.*, 113 Mass. 370. *Pollock* v. *Eastern R. R. Co.*, 124 Mass. 158.

But, having a chartered right to run their trains, the defendant corporation " has necessarily the right to make all the reasonable and usual noises incident thereto, whether occasioned by the escape of steam, the rattling of cars, or in any other manner." *Norton* v. *Eastern R. R. Co.*, *supra.*

Applying these principles to the case at bar, and it is evident that the verdict is so manifestly against the weight of evidence, on the point of want of care on the part of the plaintiff, that it ought to be set aside.

Taking the plaintiff's own testimony, several times repeated, and it appears that he had a store standing upon the other side of the track, and within twelve feet of it, where he had frequently stopped with this horse when trains were passing ; that he knew the custom of freight trains at that station ; that he " had heard all kinds of noises before " caused by such trains ; that, seeing the train at the crossing, still he drove to the " planking between the rails ;" that he saw the car moving down ; backed his horse " some twelve feet," where " he stopped a minute or more ;" when, by the " rattling of the cars," the horse became frightened, turned the wagon, and tipped him out.

The witnesses for the plaintiff testify to nothing materially different. They evidently did not see what the plaintiff so frequently details as first taking place.

The horse was frightened at the ordinary noises of the train. If the plaintiff had exercised ordinary care, and stopped at a reasonably safe distance from the train which he had seen when within a quarter of a mile of the crossing, the injury would not have occurred. *Grows* v. *M. C. R. R. Co.*, 67 Maine, 100. *Cordell* v. *N. Y. C. & H. R. R. Co.*, 19 A. L. F. 134.

The cases cited from the Massachusetts decisions are different from the case at bar. The crossings there were flag crossings, and the approach of trains not visible at a distance.

*Motion sustained.*
*Verdict set aside.*

APPLETON, C. J., WALTON, BARROWS and LIBBEY, JJ., concurred.