### CAMPBELL *v.* NEW YORK CENT. & H. R. R. Co.

(*Supreme Court, General Term, Third Department.* February 7, 1889.)

RAILROAD COMPANIES—ACCIDENTS AT CROSSINGS—CONTRIBUTORY NEGLIGENCE.

Where plaintiff testifies that on driving towards a railroad crossing, and seeing a train approaching, she urged the horse on, thinking she could get across, which she did; that the horse then became restive by a whistle of the locomotive; and that plaintiff and her sister seized the reins and by their management the carriage struck a post and was turned over, injuring plaintiff; and the evidence shows that the proper signals were given by the train, and that the whistle which frightened the horse was the proper warning given when passing the station, plaintiff cannot recover from the railroad company.

Appeal from circuit court, Greene county.

Action by Florence Campbell against the New York Central & Hudson River Railroad Company for personal injuries. Plaintiff was nonsuited, and appeals.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*N. A. Calkins*, for appellant. *Hamilton Harris*, for respondent.

INGALLS, J. An examination of this case has convinced us that the nonsuit was properly directed at the circuit, and we place our decision mainly upon the ground that by the undisputed evidence it is shown that the negligence of the plaintiff contributed to cause the injury of which she complains. The plaintiff testified in substance that she saw the approaching train, and calculated the chances of getting over the crossing, and urged the horse, by striking it with the lines, and succeeded before the train arrived; that, as the train passed the station, a whistle was blown, which rendered the horse more restive, and her sister seized the reins, and by their joint management of the horse the carriage was brought in contact with a post, and was turned over, and the plaintiff received the injury of which she complains. It further appears that the plaintiff was familiar with the crossing, was accustomed to drive this horse, which was familiar with the cars, and entirely manageable. The plaintiff testified as follows: "*Question.* Was there any difficulty in stopping this horse; was he fractious? *Answer.* No, sir. *Q.* Would you have had any difficulty in stopping him if you had said, 'Whoa,' and held onto the reins? *A.* I don't know that I would have had. *Q.* Instead of that you thought you could cross in front of the train? *A.* Yes, sir. *Q.* And you whipped up the horse? *A.* I started him up. I don't whip him up. *Q.* You whipped him with the lines? *A.* I might have slapped him with the lines. *Q.* And he went faster? *A.* Yes, sir. *Q.* He went faster than he had been going? *A.* He did at that time. *Q.* That was because you urged him on? *A.* Yes, sir. I did. *Q.* You urged him on to get him across before the train came? *A.* I did. *Q.* You didn't attempt to stop him? *A.* Not there. *Q.* I mean before you passed across? *A.* No, sir. *Q.* You didn't attempt to turn him off? *A.* No, sir. *Q.* To turn him down the road? *A.* No, sir. *Q.* Did he turn around? *A.* No, sir. *Q.* But when you saw the train coming you thought

you could pass before the train arrived there? *A.* Yes, sir." If the horse became unmanageable in consequence of being urged by the plaintiff to cross the track, in the face of the approaching train, it would seem to be attributable to the unjustifiable conduct of the plaintiff, as, according to her evidence, there was no seeming necessity of making the experiment, for she states substantially that she would have had no difficulty in restraining the horse, by saying, "Whoa," and holding onto the reins, until the train had passed. The blowing of the whistle as the train reached the station imputes no negligence to the defendant, as it seems to have been the proper and customary warning from the train as it passed the station. The facts of the case indicate that the injury which the plaintiff received is attributable to her failure to exercise the care and precaution which were incumbent upon her in view of the circumstances which surrounded her, and that such omission of duty stands in the way of her right to recover damages in this action. The evidence, in our judgment, strongly, if not conclusively, preponderates in favor of the contention of the defendant that the customary and required signals were given by those in charge of the train. Not only the employes of the defendant, but other witnesses, testified to that effect, particularly Henry Van Bergen, who also stated that upon this occasion he passed the plaintiff and her sister, who were in the buggy, and within about four feet of them as they were proceeding towards the crossing, at a slow gait, and remarked to them, "Ladies, the express is coming." It is true, the plaintiff testified that she did not hear the remark, and her sister does not state whether or not she heard such remark.

We have carefully examined this case, and are satisfied that the plaintiff failed to establish a cause of action against the defendant, and that the nonsuit was properly granted. *Woodard* v. *Railroad Co.*, 106 N. Y. 369, 13 N. E. Rep. 424; *Young* v. *Railroad Co.*, 107 N. Y. 500, 14 N. E. Rep. 434; *Bomboy* v. *Railroad Co.*, 14 N. Y. St. Rep. 291. The facts of this case do not bring it within the doctrine of *Thompson* v. *Railroad Co.*, 110 N. Y. 636, 17 N. E. Rep. 690, so far as the question of contributory negligence is involved herein. The judgment must therefore be affirmed, with costs. All concur.