## HACKETT, ADMINISTRATOR, v. NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY.

1. The statute declares what signals addressed to the car shall be given by a railroad company, of the approach of its train to a public road; none other such signals can be required of it under any circumstances.
2. This is the rule established by the Court of Errors in *New York, &c., R. R. Co.* v. *Leaman,* 25 *Vroom* 202.
3. It is a misdirection for a trial judge to leave the sufficiency of such signals to the jury.

---

On rule to show cause why a new trial should not be granted.

Argued at February Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, REED and GUMMERE.

For the motion, *Edward Q. Keasbey.*

*Contra, Michael Dunn.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This is a suit to recover damages, by virtue of the statute, by reason of a death resulting, as it is alleged, from the negligence of the defendant.

There was a collision between a train of the defendant and a trolley car in which the decedent was a passenger.

As a matter of course, the plaintiff at the trial undertook to prove that the accident had been occasioned by the omission on the part of the company of those precautionary methods that were requisite in order to give notice of the approach of its train to the public highway. The testimony was in conflict whether the statutory signal by whistle or bell had been given, and on that subject the justice presiding at the trial instructed the jury, after referring to the condition of the case, as follows: "Now these are the circumstances under which you are to determine whether the statutory signal was sufficient to give reasonable warning to travelers of the approach of the train. If you conclude that the mere statutory duty was not adequate warning to the travelers on the street, then you ask yourselves the further question, Did the persons in charge of the train give such other signal as would give reasonable warning?" And again, further on in the charge, the jury was told, "If you think they did not give such warning as the statute requires, *or as you think was required* by all the circumstances over and above the statutory warning, and that the accident resulted from their neglect to give this warning, then you have a basis on which the defendant could be held responsible in this suit."

This instruction that left it as a question to be decided by the jury whether, as applied to the features of the case before them, the blowing of the whistle and the ringing of the bell in the manner prescribed in the act, was plainly erroneous. It is in direct opposition to the principle settled by the Court of Errors in the case of *New York, &c., R. R. Co.* v. *Leaman,* 25 *Vroom* 202, 207. The concluding paragraph of the opinion read in that case thus enunciates the adjudged rule: "When the prescribed audible signals are given in conformity with the statute, whether they are heard or heeded by a traveler crossing the track or not, the company is absolved from negligence so far as concerns this kind of audible warning of the approach of its trains."

It follows, as a necessary consequence in the present case, that the jury having been misinstructed in this important particular, there must be a new trial.