61  71
68  447

## THE PHILADELPHIA AND READING RAILROAD COMPANY v. THE STATE.

A railroad company can be required to give such signals only of the approach of trains as the legislature has prescribed, unless the crossing has some peculiarly dangerous feature occasioned by the act of the company itself in constructing its road or buildings.

In error to the Mercer Quarter Sessions.

Argued at February Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and GUMMERE.

For the plaintiff in error, *Samuel H. Grey.*

For the state, *Bayard Stockton*, prosecutor of the pleas.

The opinion of the court was delivered by

VAN SYCKEL, J. The indictment in this case was for maintaining a nuisance in the township of Ewing. The nuisance complained of was a railroad crossing over a public highway, which was alleged to be more than ordinarily dangerous to the public on account of the surroundings of the crossing itself and the manner in which the defendant company operated its trains.

The company was convicted in the Mercer Quarter Sessions, whereupon the case was brought by writ of error into this court for review.

. On the trial below, the defendant requested the court, among other things, to charge the jury as follows :

" That as a matter of law, the defendant, in the use of its railroad, was only called upon to give such signals of the approach of trains as the legislature had prescribed, unless the crossing in question had some peculiarly dangerous feature occasioned by the act of the company itself in constructing its road or buildings.".

In *Pennsylvania Railroad Co.* v. *Mathews, 7 Vroom* 531, 534, Chief Justice Beasley delivered the opinion of the Court of Errors and Appeals upon this subject in these words :

" They [railroad companies] are not called on to keep flagmen, under ordinary circumstances, at cross roads, nor to give any other notice of the approach of their trains than those signals that are prescribed by statute. If greater safeguards are requisite for the safety of the community, and these public agents are to be put under greater restrictions in the exercise of their franchises, such contrivances must proceed from the legislative, and not from the judicial power. . But while I thus say that these additional burthens cannot be imposed by the courts upon these companies, I also say, at the same time, and with quite as much emphasis, that the companies may, by their own conduct, impose such burthens on themselves. If one of them chooses to build its track in such a mode as to unnecessarily make the use of a public road, which it crosses, greatly dangerous, I think such company, by its own action, must be held to have assumed the obligation of compensating the public for the increased danger by the use of additional safeguards. The reasonable and indispensable implication is, that the railway is to be constructed so as not unnecessarily to interfere with the safe use of the public roads; and if a railroad, for its own convenience, curves its track as it leaves a deep cut, within a few feet of a highway, and also sees fit to put up buildings close along such track, and by these means, or either of them, heightening the danger in the use of such highway, it seems to me very clear that such company must be held to have taken upon itself the duty of averting such

danger, by the employment of every reasonable precaution within its power. On such occasions as this, or whenever the situation is embraced within the principle stated, the presence of a flagman, or some equivalent safeguard, can be demanded of the company. The rule is, as I understand it, that when the company has created extra danger, it is bound to use extra precautions."

In *New York, Lake Erie and Western Railroad Co.* v. *Randel,* 18 *Vroom* 145, the Court of Errors and Appeals unanimously reaffirmed the rule " that where a railroad company has created extra danger it is bound to use extra precautions."

This subject was again submitted for review to the Court of Errors and Appeals in the case of *New York, &c., Railroad Co.* v. *Leaman,* 25 *Vroom* 202, 204.

Mr. Justice Reed, in delivering the opinion of the court, said : " Questions touching the duty of extra-statutory care have arisen in cases where a crossing has been accused of possessing unusual features of danger. In such cases it has been held that the company is under a duty to maintain flagmen or gates at the crossing. But this duty only arises when this peculiarly dangerous feature is in consequence of the acts of the company itself in constructing its road or buildings."

In support of this declaration he quotes the language used by the court in the previous case of Pennsylvania Railroad *v.* Mathews.

In the recent case of *Hackett* v. *New York, Lake Erie and Western Railroad Co.,* 29 *Vroom* 4, the Supreme Court held the rule to be entirely settled by the cases before referred to.

We express no opinion as to whether this rule of law should be modified in any respect, or as to whether it has been stated more broadly than the facts of the cases cited required. We are bound by previous adjudications from which there can be a departure only through a review in the Court of Errors and Appeals, or by legislative action.

In this court the rule must be strictly adhered to, and applied in reviewing the case in hand.

In charging the jury on the trial below upon the request made by the defendant company as hereinbefore set forth, the court used the following language:

" That is true, gentlemen, with this qualification, or unless the railroad had selected as a point of crossing the highway which in itself was highly dangerous. In other words, if a railroad company, in exercising its right under the charter of the state to select a place to cross the highway which was manifestly without any dangerous—or specially dangerous— conditions or circumstances attending it, the company would not be called upon to exercise the same amount of care as they would be if they had selected a place where it was manifestly more dangerous. The degree of care and prudence would be regulated by the particular locality which the railroad company had selected to cross the road. I think the jury will understand what I mean by that, that different localities require a different amount of care and prudence. A crossing in a thickly settled city would certainly require more care at its approaches than one in the country where there wasn't so much travel. That, as matter of law, the company which constructed the railroad had the right to locate railroad tracks and to select the methods of constructing and fix the grade and make passage for the highway over and across the railroad at that grade, and the defendant had the right to occupy and use that railroad crossing, so located and constructed, for railroad purposes. The legislature gave that power to the company and they had a right to exercise it."

The defendant company had a right to have this request charged in the language, substantially, in which it was made, without having any qualification engrafted upon it. The charge of the court was calculated to mislead the jury, to break the force of the rule, and to some extent to deprive the defendant of the benefit of it. No other error is found in the trial below, but in this respect there was error for which the judgment should be reversed.