## PENNSYLVANIA R. CO. v. MILLER.

(Circuit Court of Appeals, Third Circuit. February 7, 1900.)

### No. 26.

1. RAILROADS—ACCIDENTS AT CROSSINGS—EVIDENCE—DIRECTION OF VERDICT.

Where plaintiff was struck by a train while driving across the defendant's tracks in the nighttime, during a storm of rain and sleet, the question whether he was negligent in failing to see the train is properly left to the jury, although there was evidence that in the daytime, under ordinary circumstances, an approaching train could be seen for a considerable distance.

2. SAME—DUTY OF RAILROADS AS TO SIGNALS.

A railroad company is not relieved from liability for injuries at a public crossing by merely complying with the statutory requirements in regard to audible signals by approaching trains, but must take such additional precautions as may be rendered necessary by the circumstances at the particular crossing.[1]

In Error to the Circuit Court of the United States for the District of New Jersey.

Alan H. Strong, for plaintiff in error.

Erwin E. Marshall, for defendant in error.

Before ACHESON and DALLAS, Circuit Judges, and KIRKPATRICK, District Judge.

KIRKPATRICK, District Judge. The writ of error in this cause brings here for review the record of a suit in which Adolph Miller, the plaintiff below and the defendant in error, recovered a judgment against the Pennsylvania Railroad Company, the defendant below and the plaintiff in error, for personal injuries sustained by him while crossing the tracks of the said railroad company in the city of Trenton. Early in the morning of January 10, 1897, while it was still dark, Miller was driving along Broad street, a public highway in said city, at a point where it crosses said railroad's tracks. It was about the hour of 5 o'clock in the morning. The weather was foggy, and a slight sleet of snow and rain was falling. According to Miller's testimony, he slowed his horse as he approached the tracks, almost stopping. He listened, and he looked both ways. He heard no signals, and failed to see any approaching train. He therefore proceeded on his way, and when the horse was actually upon the railroad tracks he saw the headlight of an engine coming rapidly from the south. It was too late to turn back. He hurried forward, but the rear wheel of the wagon was struck by the locomotive, and the wagon overturned, whereby he was injured in the back and leg. There was evidence to show that the crossing was one of more than ordinary danger; that the view of the track southwardly, to one approaching it from the eastward, as was Miller, was obstructed by a fence, by telegraph and telephone poles, and by buildings erected by the railroad company. It was contended on the part of the railroad company that the view of the tracks was

[1] As to duty of railroads to give warning signals at crossings, see note to Chesapeake & O. Ry. Co. v. Steele, 29 C. C. A. 90.

clear for a long distance to the southward, and that every one who looked could not fail to see an approaching train in ample time to avoid collision. They therefore asked the court to direct a verdict for the defendant upon the ground that the plaintiff had been guilty of contributory negligence, because, they said, if he had looked he could have seen the approaching train, and therefore that he did not see it, as he said, is conclusive evidence that he did not look. This, it seems to us, was matter of argument to be addressed to the jury, and to be by them determined from the evidence in the cause. Whether the plaintiff below could have seen the approaching train in time to avoid the collision was a question of fact, dependent upon a variety of circumstances, and upon inferences to be drawn from the testimony produced, with regard to the speed at which the train was approaching the crossing, the condition of the atmosphere, the glare of the electric lights, and the nature of the alleged obstructions to the view. True it is that there was testimony tending to show that in the daytime, under favorable circumstances, a traveler upon the highway could see an approaching train for a considerable distance; but, as was said in Massoth v. Canal Co., 64 N. Y. 524:

"It does not necessarily follow from the fact that a skilled engineer can demonstrate that, from a given point in a highway, the track of a railway is visible any distance, that an individual in charge of a team approaching the track is guilty of negligence because he does not from the same point see a train approaching at great speed in time to avoid collision."

Upon the evidence disclosed in the record, we are of the opinion that the learned judge committed no error in refusing to direct a verdict for the defendant.

Of the remaining assignments of error, the second, sixth, and seventh alone were relied upon for reversal of the judgment by counsel for the plaintiff in error, either in the brief presented, or upon the oral argument before the court. They relate to the refusal of the learned judge to charge as requested, and respecting the charge of the learned judge in respect to the subject-matter of the request. They are as follows, viz.:

"Second Exception. That the said court refused to charge the jury, as duly requested on behalf of said defendant, that the defendant was under no obligation at the time of the injury to the plaintiff to do anything more than to give the usual statutory signal by ringing a bell for the required distance before reaching the Broad street crossing; and if the bell was rung as testified to by the engineer, foreman, and head brakeman, there is no liability on the part of defendant, even if plaintiff did not hear it."

"Sixth Exception. That the said circuit court, after charging the jury that it is not of itself, or per se, negligence to omit the employment of a flagman or of safety gates at a road or street crossing under ordinary circumstances, further charged said jury as follows: 'If the circumstances are so extraordinary as, in your opinion, to make some additional precaution necessary, it is for you, upon a consideration of all the evidence in the case in regard to the circumstances surrounding the point in question, to so decide.'"

"Seventh Exception. And there is error in this: That the said circuit court charged the jury as follows: 'But if you should determine from all the evidence that the defendant was guilty of negligence, either in not giving the proper signals of the approach of the train. or not exercising such proper precautions to guard the approaches to the crossing as the exigencies of the situation reasonably demanded, and that the plaintiff, in the exercise of due care,

and without negligence on his part, came into a place of danger, and suffered the injuries described, then your verdict will be for the plaintiff.' "

These assignments of error bring before the court here the question of the measure of obligation imposed upon a railroad company in operating their road at highway crossings, and whether they discharge their full duty to the public by ringing a bell or blowing a whistle at the time and in the manner prescribed by the statute of New Jersey. The cases of Railroad Co. v. Leaman, 54 N. J. Law, 202, 23 Atl. 691, and Hackett v. Railroad Co., 58 N. J. Law, 4, 32 Atl. 265, are cited by counsel for plaintiff in error in support of his contention. The Leaman Case came before the court upon a writ of error from the trial judge, who charged, inter alia, that it was for the jury to determine whether, under the circumstances of the case, it was not the duty of those in charge of the train to cause signals to be sounded, additional to those required by the statute. In delivering the opinion of the court of errors and appeals, Mr. Justice Read, after stating that the only question before the court was "whether a company which, by its agents managing a train, has performed its whole duty in respect to an audible warning of the approach of the train," says:

"When the prescribed audible signals are given in conformity with the statute, whether they are heard or heeded by the traveler crossing the track or not, the company is absolved from negligence, so far as concerns this kind of audible warning of the approach of its trains."

So, too, in the case of Hackett v. Railroad Co., supra, the trial judge submitted to the jury the question whether the persons in charge of the train gave such other signal as would give reasonable warning, and said that if the jury thought such warning was not given as the statute required, or as they thought was required, there was a basis on which defendant could be held responsible. The supreme court, reviewing the charge of the learned judge, held it to be erroneous in this respect, and reaffirmed the principle laid down in Railroad Co. v. Leaman, supra, with regard to the sufficiency of a compliance with the statutory requirement to absolve the defendant from liability for negligence, so far as concerns that kind of audible warning. With this construction of the statute we entirely concur, but in so doing we cannot adopt the conclusion of counsel, that, in having performed its duty with regard to audible signals, the company thereby becomes exempt from all liability, or is relieved from the obligation of taking additional precautions to provide for the safety of the travelers upon the highway. We hold that it is the duty of railroad companies, in crossing public highways at grade, to use all reasonable care to avoid collisions, and provide for the safety of travelers who enjoy thereon privileges in common with them (Favor v. Railroad Corp., 114 Mass. 350); that the degree of care varies with the character of the crossing,—whether the view be free, or obstructed by trees, fences, buildings, or the natural configuration of the land,—with the use made of the highway by the traveling public, and with the speed and frequency of passing trains. Whether the care actually exercised is reasonable, or whether, by the omission of such precautionary measures as were proper, or as

they had accustomed travelers on highways to expect, the railroad company has been guilty of negligence, are questions of fact to be determined by the jury upon all the circumstances of the case. Linfield v. Railroad Corp., 10 Cush. 569; Norton v. Railroad Co., 113 Mass. 366; Zimmer v. Railroad Co., 7 Hun, 552, affirmed in 67 N. Y. 601.

Entertaining these views, we find no error either in the charge of the learned judge, or in his refusal to charge as requested. The judgment of the circuit court should be affirmed, with costs.