## Lake Shore and Michigan Southern Railroad Company *v.* Butts.

[No. 3,752.   Filed January 30, 1902.]

RAILROADS.—*Injury at Crossing.—Frightening Horses.*—A complaint against a railroad company for injuries at a crossing, charging that defendant's engine and cars were standing near the crossing and that plaintiff drove across the tracks by direction of the flagman and when within a distance of forty feet of the engine, and while plaintiff was in plain view, the servants in charge, without notice or warning, negligently and carelessly turned the steam from the boiler and started the engine and cars attached thereto, causing a hissing and loud and rattling noise which frightened plaintiff's team and caused it to run away and injure plaintiff, is insufficient, where it was not shown that the noise was unusual or unnecessary in properly starting the train, or that there was any wilful or reckless conduct on the part of the servants in charge of the engine.

From Whitley Circuit Court; *J. W. Adair*, Judge.

Action by John Butts against the Lake Shore & Michigan Southern Railway Company for personal injuries at a railroad crossing. From a judgment for plaintiff, defendant appeals. *Reversed.*

*R. C. Bell* and *N. D. Doughman*, for appellant.

*R. P. Barr* and *E. K. Strong*, for appellee.

ROBINSON, P. J.—Action by appellee for personal injuries at a street crossing. Appellant's road, having at the place in question four tracks, runs east and west, crossing at grade a principal street in the city of Kendallville. Appellee approached the crossing with a team and load of hay, and appellant's flagman at the crossing signaled for him to cross. There was at the time standing near the crossing a locomotive engine attached to a train of freight cars. The locomotive was not emitting any steam or making any noise. There was nothing to obstruct the view of appellee by appellant's servants in charge of the engine. Appellee, believing it was safe to cross the tracks, and believing that the engine would remain as it was and would not move until he

would have ample time to proceed over the tracks to a reasonable and safe distance, drove upon the tracks and crossing. "That the defendant's agents and servants in charge of said engine and cars and said watchman at said crossing well knew that when steam was turned from the boiler to the engine attached to a train of cars on defendant's railroad, that the escaping steam caused thereby would make a loud and hissing noise, and the moving of the engine and the starting of the train of cars attached thereto would make a loud and rattling noise, which noises and sounds were liable to and would frighten and scare horses that might be near by and render them unmanageable and cause them to run away. That while plaintiff was so slowly and carefully driving his horses as aforesaid, and in plain view of the persons, servants, and agents of defendant in charge of said engine and cars, and within the distance of forty feet of the said engine, and while plaintiff was in plain view, the defendant's agents and servants in charge and control of said engine and cars, without any notice or warning to plaintiff, negligently and carelessly turned the steam from the boiler on said engine and started said locomotive engine and train of cars thereto attached, and that they caused a great and hissing noise by the escaping steam from said locomotive engine, and a loud and rattling noise by the starting and moving of said engine and cars, then and there and thereby, without any fault or negligence of plaintiff, frightened plaintiff's said horses so that they became and were unmanageable and ran away," throwing plaintiff to the ground and injuring him. "That when defendant's agents and servants negligently and carelessly turned the steam on said engine and started and moved said engine and cars thereto attached, they, said agents and servants, well knew, or could have known by looking at plaintiff's whereabouts on said crossing and close proximity to said engine and cars, with his said team and wagon as aforesaid, that the same would likely frighten said horses."

The first question presented is the sufficiency of the complaint. The engine was standing near the crossing. Although it is charged that it had been standing there an unnecessarily long time, that act was not negligence, and does not in any way aid the other averments as to negligence. The act of stopping an engine near to a crossing is not of itself a negligent act. Besides, the only attempted charge of negligence was in reference to starting the engine and moving the train. The complaint charges that appellant's servants knew that when steam was turned from the boiler "to the engine" attached to a train of cars, the escaping steam caused thereby would make a loud and hissing noise, and the moving of the engine and the starting of the train would make a loud and rattling noise, which noises and sounds would frighten horses; that is, when steam was applied in the ordinary way, necessary to start a train in the ordinary manner, these loud and hissing and rattling noises were produced. The only attempted charge of negligence is that the servants negligently and carelessly turned on the steam and started the train, whether away from or toward the crossing is not shown. But the effect of these acts is averred to be the same as that produced in turning on such steam in the ordinary way, and such as was necessary to start the train in the ordinary manner. That is to say, the pleading does not show that any unnecessary, unusual, or extraordinary noises were produced because of any negligence of appellant's servants in applying the steam, but it does show that the same effects were produced from acts averred to have been negligently done as would have been produced from the same acts had they been properly done. So that if the complaint charges appellant with any actionable negligence it must be, not because appellant's servants turned on the steam in a careless and negligent manner, but because the proper starting of the engine and train was at a time and under such circumstances as would make that act a negligent one. Were appellant's

servants guilty of any unlawful conduct while exercising a lawful right? Did they do any heedless or unnecessary act which was likely to and did produce the fright of the team?

The starting of the locomotive and train in a way that produced such noises only as are necessarily produced in properly starting them, even though at a place of danger and where horses are likely to be frightened, is not negligence *per se*. It must also be shown that it was at a time and under such circumstances as made it negligence. *Cincinnati, etc., R. Co.* v. *Gaines*, 104 Ind. 526, 54 Am. Rep. 334; *Billman* v. *Indianapolis, etc., R. Co.*, 76 Ind. 166, 40 Am. Rep. 230; *Chicago, etc., R. Co.* v. *Cummings*, 24 Ind. App. 192.

It is true it is sufficient, as against a demurrer, for the complaint to charge that the act resulting in injury was negligently or carelessly done. This has been held many times. But this rule has no application if other averments show that the acts charged were lawful and proper. The injury here in question resulted from loud and hissing and rattling noises, which the complaint shows will result from a proper use of steam in starting and moving an engine and train.

The act of the flagman in signaling appellee to cross goes properly to the question of appellee's contributory negligence. *Peirce* v. *Jones*, 22 Ind. App. 163. Upon the question of appellee's freedom from fault the complaint is not open to objection. The direction of the flagman was an assurance of safety upon which appellee had a right to rely, *Louisville, etc., R. Co.* v. *Schmidt*, 147 Ind. 638, but it is not averred that the flagman was negligent in directing appellee to cross the track under the circumstances claimed to have existed. The liability of appellant is not claimed because of any negligent act or conduct of appellant's flagman.

The engine and train were rightfully upon appellant's track. Appellee was rightfully upon the highway, and in driving his team across the track was guilty of no negli-

gence.  Both parties were where they had the right to be, and each had the right to carry on the particular business engaged in at the time and place in such manner as was reasonable and necessary to the use and enjoyment of their property.   Appellant had the legal right to operate its road and move its trains with engines propelled by steam. . In so doing certain noises are necessarily made.   The single fact that a team took fright at these usual and necessary noises can not make the company liable. · If these usual and necessary noises were produced in the exercise of a lawful right, and the employes, through whose acts the noises were produced, were not guilty of any wrongful conduct, there can be no liability.

If, then, the complaint is sufficient it must be because the starting and moving of the engine and train and the producing of these usual and necessary noises were at a time and under such circumstances as made an otherwise lawful act, unlawful.   It is averred that the team was gentle and was driven slowly.  Conceding that the employes in charge of the engine saw the team all the time it was passing over the crossing, there is nothing to show that it was in any way frightened as it passed the engine, or that appellee was having any trouble controlling it, or that he was in any peril, or in any apparent danger.   The team had passed upon the tracks and crossing and was about forty feet away from the engine.   The complaint discloses no facts or circumstances existing at the time from which it could be said that those in charge of the engine could reasonably be expected to anticipate that the usual noises produced in starting an engine and train would frighten the team.

In the case at bar it is not claimed that there was any wilful or reckless conduct on the part of those in charge of the engine, or that any unusual or unnecessary noises were produced.   In *Rodgers* v. *Baltimore, etc., R. Co.*, 150 Ind. 397, the complaint charged the blowing of the whistle, "carelessly, negligently, recklessly, and without any neces-

sity whatever." In *Louisville, etc., R. Co.* v. *Schmidt*, 134 Ind. 16, and *Louisville,'etc., R. Co.* v. *Schmidt*, 147 Ind. 638, appellee was directed by the flagman to cross, and when on the crossing opposite and near to the engine, appellant, "without warning and without notice, suddenly and in a very loud, violent, explosive, and negligent manner, blew off the steam from the boiler of said engine, and carelessly, negligently, and wrongfully suffered the steam to blow off and escape from the boiler of said engine in a sudden, loud, and violent manner, thereby making a very loud, hissing, whistling, screeching, and blowing noise". In *Indianapolis, etc., R. Co.* v. *Boettcher*, 131 Ind. 82, the charge was the engine was carelessly and negligently operated so as to make loud and *unusual* noises. "What, appellee complains of" said the court, "is the negligent and careless use of the engine, in disregard of the duty, in sounding its whistle and blowing off its steam in such a way as to cause it to make not the usual noise, but an unusual noise. The ordinary sounding of the whistle and allowing steam to escape is not negligence, and such use of the engine is not complained of, but the negligent use of the engine." In *Chicago, etc., R. Co.* v. *Cummings*, 24 Ind. App. 192, the liability was based upon the careless, negligent, and unnecessary sounding of the whistle. In *Lake Erie, etc., R. Co.* v. *Juday*, 19 Ind. App. 436, the complaint was sustained upon the doctrine, applicable to the facts there averred, that where one person sees another in peril it is the duty of such person to act so as not to increase the peril, and if, with knowledge of the facts, he does act so as to increase the peril, it is negligence. Giving the complaint a construction as favorable to appellee as the law permits, we think, it fails to show that appellant was negligent. *Culp* v. *Atchison, etc., R. Co.*, 17 Kan. 475; *Favor* v. *Boston, etc., R. Co.*, 114 Mass. 350, 19 Am. Rep. 364; *Duvall* v. *Baltimore, etc., R. Co.*, 73 Md. 516, 21 Atl. 496; *Philadelphia, etc., R. Co.*, v. *Stinger*, 78 Pa. St. 219; *Cahoon* v. *Chicago, etc., R. Co.*, 85

Wis. 570, 55 N. W. 900; *Abbot* v. *Kalbus*, 74 Wis. 504, 43 N. W. 367; *Whitney* v. *Maine Central R. Co.*, 69 Me. 208; *Norton* v. *Eastern R. Co.*, 113 Mass. 366; *Campbell* v. *New York, etc., R. Co.*, 130 N. Y. 631, 4 N. Y. Supp. 265.

Judgment reversed.