## CHARLESTON.

KUNKLE V. BALTIMORE AND OHIO RAILROAD COMPANY.

Submitted February 22, 1916.   Decided February 29, 1916.

RAILROADS—*Frightening of Animals—Liability.*

While the plaintiff was riding his horse along the public road, parallel to and adjoining the railroad, and while a freight train consisting of 40 or 50 loaded cars was passing along the railroad, the horse, frightened at the noise or from the sight of the moving engine and cars, became unmanageable and beyond the control of the rider. The rider got off the horse and turned it loose near the railroad track, and the horse ran near the railroad track and by the side of the moving train in the same direction the train was running for about a half a mile, and then jumped over an embankment and was killed. No part of the train touched the horse; there was no unusual or unnecessary noise in the movement of the train, and no act of negligence on the part of the trainmen in operating the train. The railroad company under the circumstances is not liable for damages for the destruction of the horse.

Error to Circuit Court, Harrison County.

Action by A. C. Kunkle against the Baltimore & Ohio Railroad Company. Judgment for plaintiff, and defendant brings error.

*Reversed and dismissed.*

*John Bassel* and *Charles G. Coffman,* for plaintiff in error.

MASON, JUDGE:

The facts upon which this suit is predicated are as follows: A freight train consisting of 40 or 50 cars loaded with coal, with two engines attached—one in front and the other in the rear— was passing along the Baltimore and Ohio Railroad, in Harrison county, near the town of Wallace. The plaintiff, A. C. Kunkle, was traveling along a public road on horseback, near the railroad track. This road was parallel to the railroad. The plaintiff was traveling in the same direction that the train was moving. The plaintiff says that when he got near a siding along the railroad, he heard a "train whistle;" that his horse was ordinarily not afraid of a train,—"probably shied a little bit." He says: "I slowed

down to give the train time to get apast;'' that the horse walked along slowly; that the train came along, and that when the engine passed, the horse began to jump as though he was going to scare pretty badly; that he tried to turn the horse around and go back the other way, but he says it "appeared as if I could not do anything with him  *   *   *   I tried to do everything I could with him  *   *   *   and just all at once, that quick, he jumped and started and went for everything I could do.'' Plaintiff says that when he came to the crossing, he pulled the horse up against the fence in the county road; that he broke one stirrup, and that left him without power; that there was a cut along the railroad, and that the horse started to pass through this cut; that he would not go through the cut with the horse because it would be too near the train; that when the horse started into the cut, he "dropped everything and dropped off of him and let him go;'' that it was about 800 or 900 feet from where the horse became frightened to the crossing at the first cut; that there is another cut about a thousand feet beyond the first cut; that the horse passed through the second cut, and some 200 or 300 feet from this cut jumped over an abutment of a bridge and killed himself.

The horse ran along the side of the train, about as fast as the train was moving, and only a few cars from the front engine, for something near half a mile. The train was running at about ten miles an hour, and it does not appear that it was making any unusual noise. There were several places where the horse could have left the railroad track and avoided the train, but he followed the train along the track. The engineer and the fireman on the front engine saw the horse following the train but did not attempt to stop the train, claiming that to have done so would not have lessened the danger to the horse, and would have endangered the safety of the train. The horse was five years old and worth about $150.00. These are the material facts.

The plaintiff contends that the horse was killed by the negligence of the railroad company, and brought this suit to recover damages. The case was tried to a jury; the defendant demurred to the evidence; the jury found an alternative verdict, assessing the damages at $150.00; and the court upon

the demurrer to the evidence rendered judgment in favor of the plaintiff. The defendant brings the case to this court, asking for a reversal of the judgment.

A railroad company has the right to run its trains on its tracks adjoining a public road, and is not responsible to travelers on the highway, for the consequences of noise caused by the prudent moving of its trains; and hence, when a horse becomes frightened upon a public highway, at the mere sight of a train or at the noise necessarily incident to the running of the train and the operation of the road, and injures itself, the railroad company is not responsible, in the absence of negligence on the part of the company. *Southern Railway Co.* v. *Cooper*, 98 Va. 299. A railroad company is not responsible for injuries which unmanageable horses do to themselves, although frightened at one of its cars, if there is no fault of the railroad company.

In a case somewhat similar to this, the Supreme Court of Massachusetts, in the case of *Henry W. Lamb* v. *Old Colony Railroad Co.*, 140 Mass. 79, said: "A railroad company is not liable for injuries occasioned to a person by reason of his horse becoming frightened, while being driven along a highway parallel to and adjoining the railroad in a direction opposite to that in which he was going, caused by adding coal to the fire in the engine, if such act at that place was necessary in the ordinary running of the train; and it is not the duty of those on the engine to be on the lookout for travelers on the highway who may be endangered by such act." The same court, in the case of *John Flint* v. *Norwich and Worcester Railroad Co.*, 110 Mass. 222, said: "In an action to recover for injuries caused by the plaintiff's horse becoming frightened by cars of the defendant's railroad, it appeared that the railroad crossed the highway on which the plaintiff was traveling; that the horse became frightened when about five rods from the crossing by the approach of two cars about ten rods therefrom; that the cars were coming on a down grade by the force of gravitation, at the rate of eight or ten miles an hour; and that no signal was given of their approach. *Held*, that these facts would not warrant the jury in returning a verdict for the plaintiff."

The Supreme Court of Maryland, in the case of *Burkhardt*

v. *P. W. & B. R. R. Co.,* 83 Md. 516, said: "While plaintiff was driving across defendant's railway tracks at a road crossing her horse became frightened by the noise of steam escaping from a shifting engine which stood a few feet from the crossing, in consequence of which the horse ran away and plaintiff was thrown out of the vehicle. *Held,* that since there was no evidence that the noise made by the escaping steam was unusual or unnecessary, or that there was any neglect of duty in the position or management of the engine, there was no legally sufficient evidence of negligence on the part of the defendant to be submitted to a jury."

The Supreme Court of Indiana, in the case of *Schmidt* v. *Railway Co.,* 134 Ind. 16, said: "Railroad companies, in the operation of their trains, have the right to make all reasonable and usual noise incident thereto, whether occasioned by the escape of steam, rattle of cars, etc., and persons whose duties call them near a railroad must be presumed to know of this right, and to act with reference thereto. Where the law confers the right to use a dangerous element, the only restriction on such use is that it be not abused."

In the case at bar, the horse seems to have become frightened at the sight or noise of the moving train. The train was not running at an unusual rate of speed, or making any unusual or unnecessary noise. The horse ran along the side of the train, in the rear of the front engine, for some half of a mile. It ran about as fast as the train was moving, and was not touched by the train. Apparently the horse was determined to get in front of the train. True, the engineman saw the horse running along the road and near the railroad, but there does not seem to have been anything that he could have done that would have saved the horse. To have stopped the train would doubtless have increased the danger. After reducing the speed in order to stop the train, the horse would have had opportunity to get in front of the train, and likely have been killed, and have endangered the train.

There is no direct proof in the case of negligence on the part of the defendant; nor is there any evidence from which negligence can be inferred. Under the facts proved, the railroad company is not responsible for the destruction of the horse. The circuit court erred in not sustaining the

demurrer to the evidence and rendering judgment for the defendant.

The judgment of the circuit court will be reversed, and the suit dismissed.

*Reversed and dismissed.*